## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD L. DOPP,                          )
                                          )
      Petitioner,                )
                                          )
vs.                                       )    Case No.  CIV-14-453-D
                                          )
ROBERT PATTON, DOC                        )
Director,                                 )
                                          )
      Respondent.                )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking expungement of his prison disciplinary conviction for escape.  Doc. 1 (Current Petition).  United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

After careful review of both the Current Petition and of Petitioner's earlier challenge in this Court to this same disciplinary conviction, *see Dopp v. Jones*, No. CIV-12-703-D, Doc. 1 (Previous Petition) (W.D. Okla.), the undersigned recommends the summary dismissal of the Current Petition.  *See* Fed. R. Evid. 201; *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (internal quotation marks omitted).  This

recommendation is not based on an abuse of the writ by Petitioner.[1] Instead, it is grounded on this Court's stated reasoning in its dismissal of Petitioner's earlier action: "[A]ny assertion by Petitioner that he has been denied a commutation of his sentence because the misconduct convictions appear in his prison record is a purely speculative claim." *Dopp*, No. CIV-12-703-D, Doc. 28, at 3.

## I.    The Current Petition.

Petitioner's Current Petition is virtually identical to his Previous Petition with two exceptions.  He omits any challenge to a disciplinary charge for possession of contraband and includes the following ground for relief and supporting facts:

> Petitioner was denied commutation of his criminal sentence due to subject misconduct for escape[.] Petitioner is actually innocent of

---

[1]    Under Supreme Court precedent and as codified in 28 U.S.C. § 2244(a), a federal court is authorized to "decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determine[s] that hearing the claim would serve the ends of justice." *Stanko v. Davis*, 617 F.3d 1262, 1269 & n.7 (citing *Sanders v. United States*, 373 U.S. 1, 9 (1963)).  As this report explains, Petitioner claimed in his earlier case that he did, in fact, raise each of the grounds he now asserts in his Current Petition. *Dopp*, No. CIV-12-703-D, Docs. 21, 25.  This Court, however, found otherwise. *Id.* at Doc. 28.  In any event, because a prisoner seeking relief under 28 U.S.C. § 2241 does not need pre-authorization to bring a successive habeas petition, there is no question that this Court has jurisdiction over the present action. *See Stanko,* 617 F.3d at 1268-69.

subject misconduct offense[.] As a result of subject misconduct conviction for escape, the Okla. Pardon & Parole Bd. denied petr his submitted application for commutation of his L/WOP criminal sentence which would have shortened length of his sentence. Petitioner is actually innocent of subject misconduct offense of escape. See Exhibits "1" - "7[.]"

Current Petition, at 6.[2]

In Exhibit 6, Petitioner's cousin declares that he called the Oklahoma Pardon and Parole Board in July 2011 and "talked to a woman" about the status of a commutation request submitted by Petitioner. Current Petition, Ex. 6. According to Petitioner's cousin, "It took her several minutes and sounded like she was working a computer key board, then said as far as she could find was that the request had been denied or not considered because [Petitioner] had a misconduct offense for escape from Lawton Correctional Facility." *Id.*

## II. Petitioner's prior allegations that he was denied a sentence commutation because of his misconduct conviction for escape.

Petitioner attached these same seven exhibits to a Motion to Alter or Amend/Reconsideration filed after this Court entered judgment dismissing the Previous Petition without prejudice to refiling. *Dopp v. Jones*, No. CIV-12-703-D, at Doc. 25. He focused on this Court's finding (in its order adopting, over Petitioner's objection, the report and recommendation for dismissal) that "the

---

[2] Page citations to the petition are in sequential order and reflect this court's CMECF pagination.

3

possibility that Petitioner's misconduct convictions might one day disadvantage him with respect to a commutation of his sentence [was] too speculative to provide a basis for a writ of habeas corpus." *Id.* at 2; Case No. CIV-12-703-D, Doc. 23, at 2. According to Petitioner, he "in fact truly alleged 'without any doubt whatsoever, the P & P Board have already been notified of petr's misconduct convictions, or discovered them through ODOC records, wherein has prejudiced petr in that he has been denied commutation . . . .'" Case No. CIV-12-703-D, Doc. 25, at 2 (quoting Case No. CIV-12-703-D, Doc. 3, at 5).[3]

Construing the motion under Fed. R. Civ. P. 59(e), this Court denied it and rejected Petitioner's contention that "he actually argued in the brief filed with [the Previous] Petition that he had already been denied commutation based on the convictions." Case No. CIV-12-703-D, Doc. 28, at 2.[4] This Court found instead that the arguments in Petitioner's brief "are *not* the same as alleging that he had been denied commutation because of the misconduct convictions, as he now argues." *Id.* (emphasis added). This Court then found that "any

---

[3] Also according to Petitioner, this Court did not mention the request he made in his objection to submit "documentation to establish he was, indeed, denied commutation because of the subject 'Escape' misconduct disciplinary conviction." *Dopp v. Jones*, No. CIV-12-703-D, Doc. 25, at 1-2.

[4] This Court noted that "[w]ith the instant Motion, Petitioner presents additional materials that he allegedly would have submitted if he had been afforded an opportunity to amend his Petition or provide further support for his claims." *Dopp v. Jones*, No. CIV-12-703-D, Doc. 28, at 2.

assertion by Petitioner that he has been denied a commutation of his sentence because the misconduct convictions appear in his prison record is a purely speculative claim." *Id.* at 3.

Petitioner appealed both the dismissal and the denial of the Fed. R. Civ. P. 59(e) motion to the Tenth Circuit Court of Appeals. Doc. 29. That court denied Petitioner's request for a certificate of appealability, holding that "expungement of [Petitioner's] misconduct conviction[] in this case would not result in a speedier release from prison, because it implicates no liberty interest nor does it affect his right to . . . be considered for parole, as he has no such right." *Dopp v. Jones*, No. 14-6025, 2014 WL 1465721, at *3 (10th Cir. Apr. 16, 2014).

As a final matter, the court "note[d] that [Petitioner] argues . . . he should have been permitted to amend his petition prior to dismissal. This is the first time [Petitioner] suggests he may want to amend his petition, or claims that the district court erred in failing to spontaneously grant such amendment." *Id.* Therefore, it declined to consider Petitioner's argument that he should have been allowed to amend his Previous Petition. *Id.* at *4. It "note[d], however, that the dismissal of his petition is without prejudice to refiling." *Id.*

Petitioner filed the Current Petition – with the denial of commutation

claim as ground one – some two weeks after the Tenth Circuit's decision.[5]

## III.   Analysis.

As stated, this Court – presented with the same evidence Petitioner attaches to support his Current Petition – has found that "any assertion by Petitioner that he *has been denied* a commutation of his sentence because the misconduct conviction[] appear[s] in his prison record is a purely speculative claim." *Dopp v. Jones*, No. CIV-12-703-D, Doc. 28, at 3 (emphasis added). Because a prisoner's expectation of a sentence commutation "'is simply a unilateral hope,'" "Petitioner cannot plausibly allege that the remedy sought in the [Current] Petition – expungement of misconduct convictions from his prison record – would affect the duration of his confinement or entitle him to a speedier release, as required for habeas corpus relief." *Id.* (quoting *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981)).   Here, as in his earlier action, "Petitioner cannot show an effect on the fact or duration of his confinement, and thus, a writ of habeas corpus is not the proper remedy for his claims." *Id.*

---

[5]      Petitioner also filed a motion in the Tenth Circuit for panel rehearing and rehearing en banc, contending the court had overlooked his point that "[t]he subject escape misconduct conviction has resulted in the Okla. Pardon & Parole Board denying Applt a commutation of his criminal sentence which also undisputably would shorten the length of confinement." Appellant's Motion to Reconsider to 3-Judge Panel & En Banc at 1, *Dopp v. Jones*, No. 14-6025 (10th Cir. filed Apr. 28, 2014).  The court denied the motion on May 8, 2014. *Id.*

**IV.    Recommendation and notice of right to object.**

For the stated reasons, the undersigned recommends dismissal without prejudice of the petition for habeas corpus relief.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before June 24, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 4th day of June, 2014.


SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE