IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-453-D |
| | ) | |
| ROBERT PATTON, ODOC Director, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued

by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B)

and (C). Judge Mitchell recommends a summary dismissal without prejudice of the Petition

for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioner has filed a timely written

objection. Thus, the Court must make a *de novo* determination of portions of the Report to

which a specific objection is made, and may accept, modify, or reject the recommended

decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner Richard Dopp, a state prisoner appearing *pro se*, seeks federal habeas relief

from a disciplinary conviction for a misconduct offense. Petitioner asserts for numerous

reasons that he was denied constitutional due process during the disciplinary hearing and

administrative appeals process, and that he was wrongly convicted of the offense of escape.

For relief, Petitioner requests that the escape conviction be expunged from all prison records

and barred from use for any purpose, including inmate classification, housing assignment,

or consideration by the Oklahoma Pardon and Parole Board or Governor. Although

Petitioner is serving a life sentence without the possibility of parole for committing a drug trafficking crime after previous felony convictions, he remains hopeful that the Pardon and Parole Board will recommend, and the Governor will grant, a commutation of his prison sentence.

Petitioner has previously filed a similar habeas petition challenging this same disciplinary conviction. *See Dopp v. Jones*, Case No. CIV-12-703-D, Petition (W.D. Okla. June 21, 2012) (hereafter, *Dopp I*).[1] In that case, a different magistrate judge recommended a summary dismissal without prejudice of the prior petition, and this Court adopted the recommendation over Petitioner's objection. The Court found the possibility that the misconduct conviction "might one day disadvantage [Petitioner] with respect to a possible commutation of his sentence [is] too speculative to provide a basis for a writ of habeas corpus." *See Dopp I*, Order of March 20, 2013, p.2. Petitioner filed a motion for relief from the dismissal based on a new allegation – now asserted in the current Petition and supported by the same exhibits – that the escape misconduct had already caused the Pardon and Parole Board to deny or not consider a request for commutation. *See* Petition [Doc. No. 1], p.6 & Ex. Nos. 1-7; *Dopp I*, Motion to Alter or Amend (filed April 10, 2013), p.2-4 & Ex. Nos. 1-7. The Court denied the motion, finding that Petitioner was raising a new argument and, in any event, it did not alter the conclusion that Petitioner was asserting "a purely speculative claim." *See Dopp I*, Order of Jan. 30, 2014, p.3.

---

[1] In that case, Petitioner also challenged a second disciplinary conviction for possessing contraband.

On appeal in *Dopp I*, the court of appeals denied a certificate of appealability and dismissed the appeal. *See Dopp v. Jones*, – F. App'x –, No. 14-6025, 2014 WL 1465721 (10th Cir. April 16, 2014). The court of appeals found no error in dismissal of the habeas petition. According to the court of appeals, the Due Process Clause was not implicated because "Mr. Dopp has no liberty interest in maintaining an incident-free disciplinary record, so that he might possibly (indeed, entirely speculatively) receive favorable commutation consideration." *Id*. at *3. The court of appeals also agreed with this Court that Petitioner had no habeas corpus remedy because "expungement of [his] misconduct convictions in this case would not result in a speedier release" and Petitioner's remedy under the circumstances was a civil action under 42 U.S.C. § 1983. *Id*. The court of appeals declined to consider Petitioner's argument that he should have been allowed to amend his petition because he raised this issue for the first time on appeal; the court "note[d], however, that the dismissal of his petition is without prejudice to refiling." *Id*. at *4.

In the current Report and Recommendation recommending the dismissal of this case, Judge Mitchell relies primarily on the Court's conclusion in *Dopp I* that the additional allegations raised by Petitioner's motion for relief from the dismissal – the same allegations added to his refiled Petition – do not alter the result. Judge Mitchell finds the Court's reasons for this conclusion are dispositive of the issue of the sufficiency of the current Petition to state a constitutional claim for which habeas relief is available. In his Objection, Petitioner argues that Judge Mitchell (like this Court in *Dopp I*) is mistaken.

According to Petitioner, his current Petition is different from the one in *Dopp I* because he now alleges that the misconduct offense of escape has actually prevented him from receiving a commutation of his prison sentence. Petitioner contends this difference is significant because it raises his claim above a speculative level and cures a deficiency in his prior petition. Petitioner views the prior dismissal, which the court of appeals expressly noted was without prejudice, as leaving "some window of possible avenue of relief if [he] made sufficient corrections in his Petition." *See* Petr.'s Objection [Doc. No. 14] p.1. In addition to arguing that a denial of commutation based on the misconduct conviction is sufficient to implicate a liberty interest and support a habeas remedy, Petitioner also revisits other issues decided in *Dopp I*, including an argument that expungement of a disciplinary record is not available under § 1983. Petitioner also contends the alleged fact that the escape offense is the reason why the Pardon and Parole Board would not recommend commutation brings this case within a line of cases in which a liberty interest has been recognized and a habeas remedy has been available where a prisoner was excluded from a state's parole program for a known reason. *See id.* p.3-4 (citing *Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002)).

The issue that Petitioner seeks to litigate in this habeas case was previously considered and rejected by the Court in denying relief from the dismissal of *Dopp I*, based on the same alleged facts and supporting documents. Petitioner alleges that he submitted a request for commutation of his sentence to members of the Pardon and Parole Board in April, 2011, and his cousin called to inquire about it months later, only to be told by a clerical employee that

it appeared "the request had been denied or not considered because [Petitioner] had a misconduct offense for escape." *See* Petition, Ex. 6 [Doc. No. 1-6]; *see also Dopp I*, Motion to Alter or Amend, Ex. 6. Despite these allegations, the Court stands by its prior ruling. In Oklahoma, like most states, commutation of a prison sentence or an executive pardon is necessarily a speculative event. The decision to commute a sentence lies solely within the discretion of the Governor, and a prisoner has no claim of entitlement or expectation that it will occur. *See* Okla. Const. art VI, § 10; Okla. Stat. tit. 57, § 332; *see also* Okla. Stat. tit. 57, § 332.2(A) (parole board's recommendation is merely advisory). Therefore, regardless whether a prisoner is informed why the Pardon and Parole Board declined to recommend commutation of his sentence on a particular occasion, the prisoner cannot plausibly assert that the Governor would otherwise have granted clemency.

Unless a prisoner has an expectation of parole or release under a law that sufficiently limits a parole board's exercise of discretion, the prisoner has no liberty interest protected by the Due Process Clause. *See Boutwell v. Keating*, 399 F.3d 1203, 1212-13 (10th Cir. 2005); *see also Jago v. Van Curen*, 454 U.S. 14, 20-21 (1981). Where commutation of a prison sentence or a grant of clemency lies solely within the discretion of the parole board or executive office, no constitutionally protected interest arises. *See Conn. Bd. of Pardons v. Dumschat*, 425 U.S. 458, 464-65 (1981). Commenting on an argument in *Dumschat* that a sufficient expectation of clemency could arise from the Connecticut parole board's consistent practice of commuting life sentences, the Supreme Court stated: "In terms of the Due Process Clause, a Connecticut felon's expectation that a lawfully imposed sentence will

be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope." *Id*. at 465. Further, in *Sandlin v. Conner*, 515 U.S. 472 (1995), the Supreme Court rejected a contention that a prisoner's discipline implicated a liberty interest because a misconduct record was a relevant consideration for parole purposes, reasoning that the decision to release a prisoner rests on a myriad of considerations and "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id*. at 487. Similarly here, Petitioner cannot base a due process claim regarding a misconduct conviction on a contention that the conviction will later affect a bid for clemency; he has no expectation that his sentence will be commuted, and a chance that his misconduct record will alter a commutation decision is too attenuated to trigger the Due Process Clause.

Thus, upon *de novo* consideration of the Petition, the Court finds it does not state a claim upon which Petitioner can obtain habeas relief under § 2241.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice to refiling a civil action under 42 U.S.C. § 1983. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA")

when it enters a final order adverse to a petitioner.[2]  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  The Court finds this standard is not met in this case, and therefore, a COA is DENIED.  The denial shall be included in the judgment.

IT IS SO ORDERED this 25<u>th</u> day of July, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2]  Because the Court has exercised its discretion to summarily dismiss the Petition as authorized by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds that Rule 11 should also be followed.